**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO. 3:16-CV-759-DJH-CHL**

**MARY MALONE LOGSDON,**

                                                                                                **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                **Defendant.**

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of Plaintiff, Mary Malone Logsdon ("Logsdon"). (DN 23.)  Defendant, Commissioner of Social Security (the "Commissioner"), filed a Response (DN 24), and Logsdon filed a Reply (DN 25.)  District Judge David J. Hale referred Logsdon's Motion to the undersigned for a report and recommendation. (DN 26.)  Therefore, this matter is ripe for review.

For the reasons set forth below, the undersigned **RECOMMENDS** that Logsdon's Motion (DN 23) be **GRANTED**.

**I.     BACKGROUND**

On December 1, 2016, Logsdon filed a Complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (2017).  (DN 1.)  Logsdon filed a Motion for Summary Judgment and a Fact and Law Summary.  (DNs 12, 13.)  The Commissioner filed a Fact and Law Summary in Response.  (DN 16.)  The undersigned issued a report and recommendation recommending that the final decision of the Commissioner be affirmed.  (DN 17.)  Logsdon filed an objection to the recommendation (DN 18), and the Commissioner filed a Response to Logsdon's objections (DN 19).  The Court entered an opinion sustaining Logsdon's

objections in part, overruling Logsdon's objections in part, and granting Logsdon's Motion for Summary Judgment in part. (DN 21.) The Court reversed, vacated, and remanded to the Commissioner for further proceedings and entered judgment for Logsdon with respect to her request for remand. (DN 22.)

Logsdon filed a Motion for Attorney's Fees under the EAJA seeking an award of attorney's fees in the amount of $5,320.00 for thirty eight hours of attorney work at the rate of $140.00 per hour, plus $525.00 in costs. (DN 23.) Logsdon's counsel submitted an affidavit in support of the Motion that contained an itemization of service provided. (DN 23-1.) The Commissioner filed a Response opposing an award of attorney's fees and costs on grounds that the Commissioner's position was substantially justified. (DN 24.) Logsdon filed a Reply disputing that the Commissioner's position was substantially justified. (DN 25.) Logsdon also sought an additional $196.00 in fees for 1.4 hours worked at the rate of $140.00 per hour in preparing her Reply brief, for a total award of $5,516.00 in fees and $525.00 in costs. (*Id.*)

## II.   ANALYSIS

### A.   Appropriateness of EAJA Attorney's Fees Award

The EAJA allows the award of attorney fees and costs against the government provided that:

> (1)   The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;
>
> (2)   An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;
>
> (3)   The position of the government is not substantially justified; and
>
> (4)   No special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A)-(B) (2017).  All factors must be met before the Court awards attorney's

fees and costs.  The Parties do not dispute that factors one and two are present here.  Logsdon is

the prevailing party as the case was remanded to the Commissioner for further proceedings

consistent with the Court's opinion.  (DNs 21, 22.)  Further, Logsdon's motion included an

itemized justification (DN 23-1) and was filed within thirty days of May 21, 2018, the date that

the Court's March 22, 2018 judgment became final. *See* Fed. R. App. P. 4(a) (stating that notice

of appeal may be filed sixty days after entry of judgment when the United States is a party).

The Parties dispute whether the third factor, a substantial justification for the government's

position, is present.  The EAJA does not define "substantial justification"; it merely states that the

determination shall be made "on the basis of the record (including the record with respect to the

action or failure to act by the agency upon which the civil action is based) . . . ."  28 U.S.C.

§2412(d)(1)(B).   However, the Supreme Court has held that the government's position is

substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree

that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Substantially justified is "more than merely undeserving of sanctions for frivolousness" and is not

different from having "a reasonable basis both in law and fact."  *Id.*  Once lack of substantial

justification is alleged by the movant, it is the government's burden to prove its position was

substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004).  The government's

"position" means both the arguments advanced in the civil action in which fees are sought and "the

action or failure to act by the agency upon which the civil action is based . . . ."  28 U.S.C. §

2412(d)(1)D)(2)(D).

Logsdon argued that the government's position was not substantially justified because the

ALJ's decision was contrary to well-established law, emphasizing that the government's position

3

within the meaning of the EAJA includes "the action of the agency leading to the litigation." (DN 23, at PageID # 596-97.) Specifically, Logsdon argued that the administrative law judge was not substantially justified in ignoring SSR 96-7p and in discounting her credibility before considering her lack of insurance. (DN 25, at PageID # 615-16.) The Commissioner argued that reversal alone does not constitute a lack of substantial justification. (DN 24, at PageID # 609-610.) The Commissioner cited to evidence in the record regarding continued receipt of care by Logsdon despite her claim that she did not have insurance and to a letter that established Logsdon had insurance through part of the relevant period. (*Id.* at 610-11.) Based on this evidence, the Commissioner argued that "[a] reasonable person could accept the ALJ's rationale as valid . . . ." (*Id.* at 611.)

Here, the Court sustained Logsdon's objection to the undersigned's recommendation solely related to her claim that the ALJ improperly discounted her credibility based on failure to seek medical treatment. (DN 21, at PageID # 587.) The Court found that the ALJ was not permitted to draw any inferences from a claimant's failure to seek medical treatment "without first considering any explanations that the individual may provide . . . that may explain . . . failure to seek medical treatment." (*Id.* (quoting *Stennett v. Comm'r of Soc. Sec.*, 476 F. Supp. 2d 665, 674 (E.D. Mich. 2007).) This rule was contained within a Social Security Ruling, SSR 96-7P, which was superseded in 2016 by SSR 16-3P, though the Court noted that both SSRs required that ALJ to consider any explanation offered by the claimant for the failure to seek medical treatment. (*Id.* at 587 n.2.) The Court, therefore, reversed and remanded the case for a new hearing because the ALJ failed to consider Logsdon's lack of insurance before discounting her credibility. (*Id.* at 587, 593-94.) Because the Court found that the ALJ failed to consider a factor he was required to consider by virtue of the applicable agency policy, the undersigned finds that the government's position

4

was not supported by substantial evidence.  An ALJ's failure to follow agency rules and regulations is almost, by definition, lacking a reasonable basis in law, and therefore, not substantially justified. Accordingly, the undersigned finds that the Commissioner has failed to meet her burden of establishing her position was substantially justified.

The Commissioner did not argue that any special circumstance would make an award of fees unjust here, and the undersigned finds that no such special circumstances exist.  Therefore, all four required factors being present, the undersigned finds that an award of attorney's fees and costs to Logsdon is appropriate.

### B.      Amount of Award

As the undersigned has determined an award of attorney's fees and costs to Logsdon is appropriate, the undersigned now turns to the question of the amount of the award.  In her Motion, Logsdon seeks the rate of $140.00 an hour for the time expended by her attorney in this matter. (DN 23.)  The requested $140.00 hourly rate is more than the statutory fee of $125.00 per hour, which applies "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(1)(D)(2)(A).  Plaintiff has the burden of producing appropriate evidence to support the requested increase.  *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Logsdon's counsel has over ten years of experience in disability law, was an attorney for the Social Security Administration, has presented continuing legal education training to other disability attorneys, and currently serves by appointment as the Eastern District of Pennsylvania's Social Security Pro Se Appeals Panel Coordinator.  (DN 23-1, at PageID # 601-02.)  Logsdon also cites to other decisions in this district to support the proposition that a $140.00 hourly rate is

reasonable and appropriate for an attorney in the Louisville metropolitan area. *See Neff v. Colvin*, No. 3:13-cv-638-CHL, 2015 WL 796604, at *4 (W.D. Ky. 2015); *Harville v. Colvin*, No. 3:13-cv-4176-CRS, 2015 WL 64977, at *2 (W.D. Ky. 2015). The undersigned agrees that courts in this district have consistently found $140.00 per hour to be a reasonable and appropriate rate. *See, e.g., Murry v. Comm'r of Soc. Sec.,* No. 3:12–cv–56, at *1 (W.D.Ky. Nov. 18, 2013) (finding an hourly rate of $140.00 appropriate where Commissioner did not object); *Land v. Comm'r of Soc. Sec.,* No. 3:06–cv–227, at 3 (W.D .Ky. Aug. 30, 2007) ("The Court concludes that for experienced Louisville metropolitan area practitioners who concentrate in social security disability work, the presumptive maximum EAJA hourly rate will be $140.00."). Additionally, the statutory maximum hourly rate has not been amended since 1996. 28 U.S.C. § 2412 (d)(1)(D)(2)(A) (2012), as amended by Contract with America Advancement Act of 1996, Pub. L. No. 104-121, § 233, 110 Stat. 847 (1996). As such, the Court finds that, due to an increase in the cost of living since 1996, an hourly rate of $140 is appropriate in this market for an experienced practitioner, such as Logsdon's attorney. The Commissioner's Response did not object to this rate or to the number of hours Logsdon claimed her attorney worked on this matter.

As the Commissioner did not object to the number of hours or rate claimed, the undersigned recommends that the Court award Logsdon attorney's fees and costs in the total amount of $6,041.00, which reflects 39.4 hours at an adjusted rate of $140.00 per hour plus $525.00 in costs.[1]

---

[1] To be clear, the undersigned recommends an award of attorney's fees and costs be made directly to Plaintiff Logsdon, not her attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 591 (2010) (finding that "prevailing party" is a term of art that refers to the prevailing litigant, not the attorney who performed legal services).

## III.   RECOMMENDATION

For the reasons stated herein, the undersigned **RECOMMENDS** that Logsdon's Motion

for Attorney's Fees (DN 23) be **GRANTED** and that Logsdon be awarded a total of $6,041.00 in

attorney's fees and costs.

July 1, 2019

Colin H Lindsay, Magistrate Judge

United States District Court

cc:  Counsel of record

### Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations.  A copy shall forthwith be electronically transmitted or mailed to all parties.  28 U.S.C. § 636(b)(1)(C).  Within fourteen (14) days after being served, a party may serve and file specific written objections to these findings and recommendations.  Fed. R. Crim. P. 59(b)(2).  Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal.  *Id.; United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn,* 474 U.S. 140 (1985).