UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY MALONE LOGSDON,                                                          Plaintiff,

v.                                                          Civil Action No. 3:16-cv-759-DJH-CHL

COMMISSIONER OF SOCIAL SECURITY,                                     Defendant.

\* \* \* \* \*

**<u>ORDER</u>**

The Court previously entered judgment in favor of Plaintiff Mary Malone Logsdon and remanded this disability-benefits case to the Commissioner of Social Security on the ground that the administrative law judge violated an applicable Social Security ruling by failing to consider Logsdon's lack of insurance.  (Docket No. 22; *see* D.N. 21, PageID # 587-88 & n.2)  After the judgment became final, Logsdon moved for an award of attorney fees and costs pursuant to the Equal Access to Justice Act.  (D.N. 23)  The Court referred Logsdon's motion to United States Magistrate Judge Colin H. Lindsay for report and recommendation.  (D.N. 26)  Judge Lindsay issued his report and recommendation on July 2, 2019, recommending that the motion be granted and that Logsdon be awarded $6,041.00 in attorney fees and costs.  (D.N. 27)  The Commissioner objected (D.N. 28), and Logsdon responded to the objection (D.N. 29).  Due to an administrative error, and without further motion or notice by the parties, those filings were not timely addressed. For the reasons explained below, the Court will now overrule the Commissioner's objection, adopt the magistrate judge's recommendation, and grant Logsdon's motion.

**I.**

The EAJA provides for an award of fees and costs upon timely application by the "prevailing party" in a civil action "brought by or against the United States . . . unless the court

finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In this case, the only disputed factor is whether the government's position was substantially justified. Judge Lindsay found that it was not, observing that "[a]n ALJ's failure to follow agency rules and regulations is almost[] by definition[] lacking a reasonable basis in law, and therefore, not substantially justified." (D.N. 27, PageID # 624)

"[T]he [g]overnment bears the burden of proving that a given position was substantially justified, and it discharges that burden by proving that the position had a reasonable basis both in law and fact." *Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014)). For purposes of the EAJA, the "position of the United States" includes not only "the position taken by the United States in the civil action," but also "the action or failure to act by the agency upon which the civil action is based." § 2412(d)(2)(D).

The Commissioner argues that his "success in arguing several of the points that [Logsdon] raised supports a finding that the government was substantially justified in defending the decision as a whole." (D.N. 28, PageID # 630) In support, he cites an unpublished Sixth Circuit decision from 2002 in which the court concluded that because "the government was successful in defending the Commissioner's decision on several issues, the government's position was substantially justified and the denial of attorney's fees under the EAJA was not an abuse of discretion." (*Id.* (quoting *Green v. Comm'r of Soc. Sec.*, 52 F. App'x 758, 759 (6th Cir. 2002)))

As Logsdon points out, however (*see* D.N. 29, PageID # 633-34), the Commissioner's argument ignores both the nature of the ALJ's error and the Sixth Circuit's more recent published statement that the "'substantially justified' standard" is not merely "a matter of comparing the

number of successful claims to unsuccessful claims in a single appeal." *Glenn*, 763 F.3d at 498. "Rather, the question is whether the government's litigating position in opposing remand is 'justified to a degree that could satisfy a reasonable person' and whether it was supported by law and fact." *Id.* at 498-99 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).   Here, "the government defend[ed] an ALJ decision that was reached by selectively considering the evidence"—a position the Sixth Circuit has found "not substantially justified."[1]  *Id.* at 498 (citing *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004)).   An award of fees and costs is therefore appropriate.  *See* § 2412(d)(1)(A).

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

---

[1] As the Court explained in its Memorandum Opinion and Order granting Logsdon's request for a new hearing:

> The record shows that the ALJ discounted Logsdon's credibility in part because she did not undergo knee surgery, visit the emergency room, or have extended hospital stays for any condition.   But the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide . . . that may explain . . . failure to seek medical treatment."   Although it appears that the ALJ considered Logsdon's testimony that she did not like going to see doctors and feared surgery, there is no mention in the ALJ's opinion of Logsdon's alleged lack of insurance and inability to afford certain treatments.   In fact, medical records show that when Logsdon's arthritis worsened, a doctor felt that physical therapy would be beneficial[,] but Logsdon was unable to afford it because she lacked insurance. . . . Given the ALJ's repeated references to Logsdon's failure to obtain medical treatment and the "conservative" care she obtained for her alleged conditions, the Court is unable to conclude that his apparent failure to consider Logsdon's lack of insurance was harmless error.

(D.N. 21, PageID # 587-88 (first two omissions in original) (citations omitted); *see also id.*, PageID # 583 (explaining that remand was required "[b]ecause the ALJ relied heavily upon Logsdon's lack of treatment in concluding that her complaints regarding her conditions were less than credible"))

**ORDERED** as follows:

(1)     The Commissioner's objection (D.N. 28) is **OVERRULED**.   The Report and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 27) is **ADOPTED** in full and **INCORPORATED** by reference herein.

(2)     Logsdon's motion for attorney fees (D.N. 23) is **GRANTED**.  Logsdon is awarded attorney fees and costs in the amount of **$6,041.00**.

(3)     All issues having been resolved, this matter remains **CLOSED** and **STRICKEN** from the Court's active docket.

April 21, 2021

**David J. Hale, Judge**
**United States District Court**

4